# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY L. WIESE, | ) | |
| | ) | 4:04CV3195 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN HJERSMAN, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TERRY GRUBBS, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

This matter is before the court on the third-party defendant Terry Grubbs' Motion to Compel (Filing No. 38). Grubbs filed a brief (Filing No. 40) and attached evidence in support of the motion to compel. The defendant Alliance Motocross Association (Alliance) filed a brief (Filing No. 42) and filed an index of evidence (Filing No. 43) in opposition to the motion. Grubbs did not file a reply. No other party participated in the briefing of the motion.

## BACKGROUND

This cases arises from the injuries to the plaintiff when he was injured in an area outside the racing portion of the Alliance motocross racetrack on May 27, 2000. **See** Filing No. 1. The plaintiff alleges he was struck by a motorcycle operated by the defendant Marcus Hjersman. The plaintiff also alleges Alliance was negligent in the manner it allowed use of the racetrack to Marcus Hjersman. Alliance alleges that (1) Grubbs' negligence in bringing the plaintiff to the track and failing to supervise him cause the accident and (2) Grubbs is liable under a theory of contractual indemnification. **See** Filing No. 16.

Grubbs had signed the application for membership with Alliance, which included a release "to hold harmless and indemnify [Alliance] . . . from all liability, loss claims demand and

possible causes of action that may otherwise accrue . . . ." **See** Filing No. 40, Exhibit A. On August 9, 2004, Grubbs served Alliance with a set of requests for production seeking, in Request for Production (k), "copies of any other releases of liability or similar documents used by [Alliance] in a different form that [sic] the one signed by Terry Grubbs." **See** Filing No. 38, Exhibit 1. On January 28, 2005, Alliance served a response stating, "Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26(b)(1) and the burden of the proposed discovery outweighs its likely benefit under Fed. R. Civ. P. 26(b)(2)(iii)." *Id.*, Exhibit 2. The parties exchanged letters and spoke on the telephone regarding the discovery dispute, but were unable to reach an accord.

## ANALYSIS

With regard to production of documents and things, Fed. R. Civ. P. 34(b) provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

**See** Fed. R. Civ. P. 34(b).

"All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections).Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting

discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." **Id.** (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See Wagner v. Dryvit Sys., Inc.**, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See** *id.*

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." **Hickman v. Taylor**, 329 U.S. 495, 507 (1947). "To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties." **Fletcher v. Atex, Inc.**, 156 F.R.D. 45, 48 (S.D.N.Y. 1994) (citations omitted). "[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken." **Lewis v. ACB Business Servs., Inc.**, 135 F.3d 389, 402 (6th Cir. 1998) (**citing Oppenheimer Fund**, 437 U.S. at 351-52). In the end, however, courts have "wide discretion with respect to discovery matters." **Spangler v. Sears, Roebuck and Co.**, 138 F.R.D. 122, 123 (S.D. Ind. 1991) (citations omitted); **see Credit Lyonnais v. SGC Int'l, Inc.**, 160 F.3d 428, 431 (8th Cir. 1998).

It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. **Burnett v. Western Res. Inc.**, CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. **Id.** However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. **Hofer v. Mack Trucks, Inc.**, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972). Relevancy is to be broadly construed for discovery issues and is not limited

to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See** ***Marker v. Union Fidelity Life Ins. Co.***, 125 F.R.D. 121 (M.D.N.C. 1989); ***Morse Diesel, Inc. v. Fidelity & Deposit Co.***, 122 F.R.D. 447 (S.D.N.Y. 1988).

Grubbs argues the release he signed is limited to holding harmless and indemnifying Alliance for injuries only to his son or his property, not for injuries to third parties. Grubbs contends any other releases may have been drafted to specifically require indemnity of third parties against other individuals. Therefore, Grubbs argues discovery should be allowed because the other releases may provide evidence regarding the intent of the parties as it relates to the release signed by Grubbs.

In contrast, Alliance contends any other release is irrelevant and not discoverable. Alliance states Grubbs and the defendant John Hjersman, Marcus Hjersman's father, signed the same form, which constitutes the contract under which these parties are liable. Alliance argues parol evidence is not necessary because the contract is unambiguous.

The court finds Grubbs has failed to meet the threshold burden of showing the form releases used by Alliance, other than the ones signed by the parties, reasonably bear on the issues in this case. Grubbs does not argue the contract is ambiguous or provide support for how any other releases ever used by Alliance would have any bearing on this matter. The release signed by Grubbs does not, by its terms, limit liability as urged by Grubbs. However, if the release did limit liability, other contracts entered into by Alliance would have no bearing on the intent of these parties. Accordingly, Alliance's objection based on relevance is sustained. Alliance need not supplement its response to Request for Production (k). Upon consideration,

4

**IT IS ORDERED:**

Terry Grubbs' Motion to Compel (Filing No. 38) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 18th day of April, 2005.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge