IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY L. WIESE, ) | |
| ) | 4:04CV3195 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JOHN HJERSMAN, individually and ) | |
| as parent and legal guardian of Marcus ) | |
| Hjersman, and ) | |
| MARCUS HJERSMAN, a minor, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| ALLIANCE MOTOCROSS ASSOCIATION,) | |
| INCORPORATED, ) | |
| ) | |
| Defendant and ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TERRY GRUBBS, ) | |
| ) | |
| Third-Party Defendant. ) | |

This matter is before the court on Terry Grubbs' Motion in Limine (Filing No. 83). None of the other parties filed any opposition to the motion. Grubbs seeks to exclude (1) any mention of a party's insurance coverage or lack of insurance coverage and (2) testimony of the plaintiff regarding "what doctors have told him regarding his condition."

Evidence is excluded on a motion *in limine* "only when evidence is clearly inadmissible on all potential grounds." ***Hawthorne Partners v. AT & T Tech., Inc.***, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). The ***Hawthorne Partners*** court continued:

> This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. . . . Denial of a motion *in limine* does not

> necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.

*Hawthorne Partners*, 831 F. Supp. at 1400-1401 (citations omitted). Furthermore, the Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions *in limine* are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000) (**citing** *Luce v. United States*, 469 U.S. 38, 41 (1984)). Finally, the *Hawthorne Partners* court noted: "[t]he court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." *Hawthorne Partners*, 831 F. Supp. at 1401.

In this matter there is no evidence or argument presented that the existence of insurance coverage would relevant or admissible. **See** *Kvamme v. State Farm Mut. Auto. Ins. Co.*, 677 N.W.2d 122 (Neb. 2004). Accordingly, the parties may not mention or introduce evidence about the presence of insurance coverage. However, Grubbs fails to show the plaintiff's reference to "what doctors have told him regarding his condition" is clearly inadmissible on all potential grounds. As to such testimony, the court will entertain objections on the topic as they arise at trial. Therefore, Grubbs' motion will be denied with regard to such testimony.

**IT IS ORDERED**:

Terry Grubbs' Motion *in Limine* (Filing No. 83) is granted with respect to any mention of insurance coverage, however the motion is denied in all other respects, without prejudice subject to appropriate objections at the trial.

DATED this 5th day of September, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge
